IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-09-511 |
| | § | C.A. No. C-10-130 |
| ELDIBERTO RAMIREZ-HERNANDEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Eldiberto Ramirez-Hernandez's ("Ramirez-Hernandez") motion to vacate, set aside or correct his sentence pursuant to § 2255, with supporting memorandum, both of which were received by the Clerk on May 6, 2010. (24, 25.)[1] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Ramirez-Hernandez's motion because the claims raised therein do not entitle him to relief. Additionally, the Court DENIES Ramirez-Hernandez a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Dockets entries refer to the criminal case, C-09-cr-511.

1

## II.  FACTS AND PROCEEDINGS

On May 29, 2009, Border Patrol agents encountered Ramirez-Hernandez while conducting a routine bus check in Corpus Christi, Texas.  Ramirez-Hernandez admitted that he was a citizen and national of Mexico, and that he was illegally present in the United States.  Records checks revealed that he had been deported a number of times after being found illegally in the United States. One of these times he was deported on August 14, 1999, through San Francisco, California subsequent to a conviction for a drug trafficking felony.  He was later deported on February 2, 2001 through the Brownsville, Texas, Port of Entry subsequent to an additional felony conviction and a misdemeanor conviction.  He was again deported on May 27, 2005, through Del Rio, Texas, subsequent to one additional misdemeanor conviction and one additional felony conviction.  Prior to his arrest in the instant case, he was deported on January 21, 2009 through the Brownsville, Texas, Port of Entry subsequent to no additional convictions.  (PSR at ¶ 4.)

On June 24, 2009, Ramirez-Hernandez was charged in a single-count indictment with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  (D.E. 9.)  He pleaded guilty on July 27, 2009.  (See Minute Entry dated July 27, 2009.) There was no written plea agreement.  (Id.)

On October 26, 2009, the Court sentenced Ramirez-Hernandez to 48 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release.  (D.E. 22; see also Minute Entry dated October 26, 2009.)  Final judgment against him was entered on November 2, 2009.  (D.E. 22.)  Ramirez-Hernandez did not appeal.

On May 6, 2010, the Clerk received Ramirez-Hernandez's § 2255 motion. (D.E. 24, 25.) It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Ramirez-Hernandez lists several grounds for relief, although none of them entitle him to relief. His first claim is that he was denied effective assistance of counsel at sentencing. In its entirety, the ground alleges that counsel failed to object to the PSR's "incorrect specific offense characteristic enhancement section," and failed to argue for additional mitigating circumstances. According to Ramirez-Hernandez, the mitigating circumstances were that Ramirez-Hernandez would be denied certain programs and placements within the Bureau of Prisons and that he would be detained by immigration authorities beyond his 48-month term of imprisonment. (D.E. 24 at 5; D.E. 25 at 2-3.) In his supporting memorandum, he clarifies that he believes his base offense level was erroneously calculated and that counsel should have objected to it, and that the mitigating circumstances counsel should have raised are the "collateral consequences" of Ramirez-Hernandez's status as a non-citizen, which he claims would have warranted a downward departure. (D.E. 25 at 2-3.)

His second ground for relief is titled simply as one that he is being deprived of Bureau of Prisons benefits and programs. (D.E. 24 at 6.) In his supporting memorandum, he does not appear to be making a direct challenge to the BOP's administration of its programs or benefits to prisoners. Instead, he contends that his ineligibility for these programs should have been raised by counsel at sentencing in support of a motion for downward departure. In his prayer for relief, he asks that this Court give him a "two level downward departure or a more reasonable sentence." (D.E. 25 at 3.)

For the reasons discussed herein, the Court concludes that Ramirez-Hernandez is not entitled to relief.

## IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Ineffective Assistance of Counsel**

Ramirez-Hernandez's ineffective assistance of counsel claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

To establish prejudice as a result of an alleged error at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different.  See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000).  This requires

him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one of the two prongs, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Ramirez argues that counsel should have asked for a reduced sentence or downward departure based on Ramirez-Hernandez's status as a deportable alien, because that status constitutes a "mitigating circumstance." Ramirez also contends that counsel should have objected to his offense level as calculated in the PSR. Neither claim entitles him to relief.

**1.    Counsel's Alleged Failure to Challenge Ramirez-Hernandez's Offense Level**

As to his claim that counsel erred in failing to object to his offense level, Ramirez-Hernandez does not identify what the basis for any such objection would be. His claim fails for this reason alone. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

Additionally, the Court has reviewed the PSR and finds no error in the calculation of Ramirez-Hernandez's offense level. His base offense level under 8 U.S.C. § 1326(a) and U.S.S.G. § 2L1.2 was properly determined to be an 8. (See PSR at ¶ 10.) His offense level was increased by 12 levels because he had previously been deported after a conviction for a felony for a drug trafficking offense for which the sentence imposed was 13 months or less, pursuant to U.S.S.G. ¶ 2L1.2(b)(1)(B). (PSR at ¶ 11, 21.) Ramirez-Hernandez was in fact convicted of a drug trafficking

offense and the sentence imposed was a sentence of three years probation with a condition of a nine-month jail term. (PSR at ¶ 21.) Notably, he does not now challenge the validity or existence of that conviction. Accordingly, no error has been shown in his offense level.

Moreover, it is worth noting that Ramirez-Hernandez's sentencing counsel in fact objected to the 12-level enhancement on the grounds that his prior conviction was suspended in favor of probation and thus did not meet the requirements for a "sentence imposed" of thirteen months or less set forth in U.S.S.G. § 2L1.2(b)(1)(B). (D.E. 16 at 1-2.) Probation then updated the PSR to reflect that the court documents for that prior conviction reflect that defendant received a sentence of 3 years probation with a condition that 9 months of jail time be served. (D.E. 19; D.E. 20 at 4.) Thus, the offense qualified for the 12-level enhancement.

Even if his counsel had raised some additional unspecified objection, then, it would not have changed the outcome of sentencing. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Thus, Ramirez-Hernandez has not established that he was denied effective assistance of counsel as a result of counsel's alleged failure to challenge his offense level.

### 2. Counsel's Alleged Failure to Raise Ramirez-Hernandez's Status As A Deportable Alien as a Mitigating Factor

As to his claim that counsel was ineffective for failing to ask for or obtain a lesser sentence based on Hernandez-Ramirez's status as a deportable alien, Ramirez-Hernandez cannot establish prejudice, so the claim fails. Notably, even if counsel had asked at sentencing for a downward departure or reduced sentence due to Ramirez-Hernandez's status as a deportable alien, it would not

6

have been granted. The sentencing guidelines provide that a downward departure on the ground that the defendant is a deportable alien, while permissible, would be proper only in the extraordinary case, and such cases are considered "highly infrequent." See United States v. Garay, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000). Moreover, in an immigration offense, a defendant's alienage has been adequately taken into consideration and thus is not a permissible basis for downward departure. Garay, 235 F.3d at 233-34 (defendant's "status as deportable alien, as an inherent element of his crime, has already been considered by the [Sentencing] Commission in formulating the applicable guidelines"); United States v. Foote, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel should have moved for downward departure); cf. United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

While the cases cited in the preceding paragraph were all decided in a pre-Booker[2] world in which the sentencing guidelines were mandatory, the same principles hold true under the advisory guidelines, as well. That is, the Court was aware of Ramirez-Hernandez's deportation status, what that meant in terms of the BOP's policies and restrictions, and the fact that Ramirez-Hernandez is an illegal alien and subject to deportation is a fact already taken into account by the advisory sentencing guidelines for his offense. Thus, the Court would not have reduced his sentence had counsel raised an objection on this ground at sentencing. Because Ramirez-Hernandez has not shown a "reasonable probability" that he would have received a lesser sentence had counsel made

---

[2] United States v. Booker, 543 U.S. 220 (2005).

that objection, he cannot establish prejudice.  See United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).  Accordingly, Ramirez-Hernandez's ineffective assistance of counsel claim fails.

To the extent Ramirez-Hernandez is making any direct challenge to the BOP's policies rendering him ineligible for certain programs or benefits, such a claim also fails.   As an initial matter, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP, and are not the decision of the sentencing Court.  See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added).  As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release.  Lopez v. Davis, 531 U.S. 230 (2001).  Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate for any inmate.

Significantly, moreover, the BOP's policies on the precise issues of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood equal protection challenges raised in other courts.  See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85 (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection).  Indeed, in several unpublished decisions, the Fifth Circuit has rejected equal protection claims to the BOP's treatment of non-citizens.  See, e.g., Perez-Martinez v. United States, 235 Fed. Appx. 228, 229, 2007 WL 2114403 (5th Cir. July 23, 2007)

8

(unpublished) (affirming district court's dismissal of equal protection claim in § 2241 petition because petitioner did not show he was being treated differently than similarly situated persons or that the restrictions on INS detainees' participation in the drug-treatment program are irrational, since they are based on a valid flight risk); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. Oct. 5, 2001) (unpublished) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement).

In short, none of Ramirez-Hernandez's arguments show that this Court erred in its imposition of his sentence. Thus, to the extent this type of claim is properly made in a § 2255 motion at all, it nonetheless fails.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ramirez-Hernandez has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Ramirez-Hernandez is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

Based on the above standards, the Court concludes that Ramirez-Hernandez is not entitled to a COA. That is, reasonable jurists could not debate that Ramirez-Hernandez's claims should have been resolved differently or that the issues he raises deserve encouragement to proceed. See Jones, 287 F.3d at 329. Accordingly, Ramirez-Hernandez is not entitled to a COA.

## V. CONCLUSION

For the above-stated reasons, Ramirez-Hernandez's motion under 28 U.S.C. § 2255 (D.E. 24) is DENIED. The Court also DENIES him a Certificate of Appealability.

It is so ORDERED this 28th day of May, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE