IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-09-511 |
| | § | |
| EDIBERTO RAMIREZ-HERNANDEZ, | § | |
|    Defendant. | § | |

## MEMORANDUM ORDER DENYING MOTION FOR RESENTENCING PURSUANT TO 3582(c)(2)

Pending before the Court is Ediberto Ramirez-Hernandez' motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 43.) He claims that the November 2010 amendment to § 4A1.1 (eliminating recency points) of the Sentencing Guidelines applies.

Ramirez-Hernandez was sentenced to 48 months in the Bureau of Prisons in October 2009 based upon his guilty plea to the charge of illegal reentry. (Dkt. No. 22.) Before his sentencing, the Probation Department prepared a PSR. (Dkt. No. 17.) The base offense calculation for illegal reentry is 8, but 12 points were added because Ramiro-Hernandez was previously convicted of a felony drug trafficking offense in 1999. (*Id.* at ¶¶ 11–21.) Ramirez-Hernandez' criminal history points were calculated to be 11 resulting in application of criminal history Category V. His criminal history calculation did not include recency points. (*See id.* at ¶ 26.) The Guideline range of imprisonment was 46–57 months. (*Id.* at ¶ 42.)

Ramirez-Hernandez seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the grounds that 2 recency points should be retroactively eliminated from his Sentencing Guideline calculation. Ramirez-Hernandez' criminal history calculation does not include recency points, but only counts his prior convictions based upon their actual scores.

In addition to the lack of any factual basis for relief for Ramirez-Hernandez pursuant to the 2010 Amendments, section 3582(c)(2) only allows a district court to shorten a term of imprisonment when it is based upon a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines. Even then, a court may only resentence a defendant if the Guideline reduction is consistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. *Id.* Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Ramirez-Hernandez seeks to apply must, therefore, be listed in that section. *See, e.g.*, *U.S. v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *Boe*, 117 F.3d at 831.

Amendment 742 (§ 4A1.1) changed the manner in which criminal points are calculated by eliminating some recency points. Amendment 742 does not reduce a sentencing range, is not listed in § 1B1.10(c) and is, therefore, not applicable retroactively. When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Accordingly, the Court concludes that Ramirez-Hernandez is not entitled to a reduction of sentence.

Ramirez-Hernandez also claims that this Court may now take into account mitigating circumstances not available to the Court at the time of his sentencing relying upon 18 U.S.C. § 3553(a) and *Booker*. Contrary to Ramirez-Hernandez' claim, this Court was required to consider the

§ 3553(a) factors during his initial sentencing. Additionally, the Sentencing Guidelines were expressly noted to be advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005) in the PSR. (*See* Dkt. No. 17 at ¶¶ 10, 11.)

For these reasons, Ramirez-Hernandez' motion for sentencing reduction (Dkt. No. 43) is **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 27th day of June, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE